**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-mj-00776-TAB |
| | ) | |
| THOMAS MATTHEW MCVICKER, | ) | |
| Defendant. | ) | |
| | ) | |

## ENTRY and ORDER for Mental Examination under 18 U.S.C. §§4241 and 4247

This matter came before the court upon the defendant's motion to determine his mental competency.  At the August 19, 2019, initial hearing pursuant to Federal Rule of Criminal Procedure 5(c)(3), defense counsel articulated concerns relating to Mr. McVicker's competency.  Due to defense counsel's concerns as to competency, the Court appointed Gwendolyn M. Beitz to represent Mr. McVicker absent a financial affidavit.  Government counsel indicated they would join in a defense request for a mental competency examination of Mr. McVicker.  On August 21, 2019, defense counsel filed a written motion requesting the Court order a mental examination pursuant to 18 U.S.C. §4241 citing reasonable cause to believe that Mr. McVicker may presently be suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

Based on the motion and the information presented to the Court, the Court finds that there is reasonable cause to believe that Mr. McVicker may presently be suffering

from a mental disease or defect, rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    **IT IS THEREFORE ORDERED**

(1) The defendant be committed to the custody of the U.S. Attorney General or his designee for transfer to a suitable facility for examination pursuant to Title 18 U.S.C. §§ 4241 and 4247. The facility designated by the Attorney General should be a facility where the defendant's current medical condition can be evaluated and he can receive appropriate treatment if necessary.

(2) The examinations and evaluations shall be conducted by licensed and certified psychiatrists or clinical psychologists at the designated facility in regard to the determination of competency and medical practitioners in regard to the diagnosis and prognosis of the defendant's current medical condition, if necessary and necessary treatment of any such conditions that may be found to exist. The examinations and evaluations conducted in accordance with Title 18 U.S.C. §§ 4241 and 4247 shall be conducted to determine whether the defendant is presently incompetent to understand the nature of the proceedings and charges against him and whether he can assist in his defense.

(3) The designated medical facility and the medical practitioners, pursuant to this order, are authorized to conduct all necessary physical and mental examinations and/or treatment of any physical or

mental diseases or sicknesses which they may diagnose during the examinations, evaluations and testing necessary to comply with the orders of the court.

(4) At the conclusion of the examinations, evaluation and treatment of the defendant in accordance with this order, the psychiatrist and/or clinical psychologist shall make a report of his or her findings as provided by Title 18 U.S.C. § 4247(c)(1), (2), (3), (4)(A). That report shall be sent to this Court which will forward it to the district to which the defendant will be tried.

(5) The court expressly notes that the order in this case is subject to the statutory requirement of 30 days under Section 4247(b) unless extended thereunder. In the event that the medical staff finds that the defendant's current medical condition requires treatment before an examination and evaluation can be conducted pursuant to Title 18 U.S.C. §§ 4241 and 4247, the time for conducting and carrying out that examination and evaluation shall not begin until the medial staff has determined Mr. McVicker's present physical condition is sufficiently stable to carry out a proper examination and evaluation pursuant to Title 18 U.S.C. §§ 4241 and 4247.

(6) At the conclusion of the proceedings described above, the defendant shall be returned to the district to which he will be tried for further proceedings.

(7) The U. S. Marshal shall provide the designated facility with a copy the

charging documents, any pertinent medical records, and a copy of this order. U.S. Parole and Probation may provide any other relevant information regarding the defendant.

(8) The time period necessary to evaluate the defendant's current physical Mental competency shall be excluded for Speedy Trial purposes. See *United States v Crosby,* 713 f. 2d 1066, 1079 (5th Cir.), *cert. denied,* 464 U.S. 101, 104 S.Ct 506, 78 L.Ed.2d 696 (1983).

(9) Additionally, any delay occasioned by the transportation, examination, diagnosis and treatment of the defendant's current medical condition shall be excluded for Speedy Trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(a)(8) and 18 U.S.C. § 3161(h)(4).

**IT IS SO ORDERED**

Date: 8/28/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel via electronic notification